814 F.2d 651
 5 Fed. Cir. (T) 101
 NATIONAL CORN GROWERS ASSOCIATION, New Energy Company of
Indiana, Archer Daniels Midland Company, Ohio Farm
Bureau Federation, Inc. and South Point
Ethanol, Appellants,
v.
William VON RAAB, Commissioner, United States Customs
Service, United States of America and Tropicana
Energy Company, Inc., Appellees.
 Appeal No. 87-1118.
 United States Court of Appeals,
Federal Circuit.
 April 1, 1987.
 
 Stephen L. Urbanczyk, Williams & Connolly, Washington, D.C., argued for appellants. With him on the brief were Aubrey M. Daniel, III, Manley W. Roberts, Robert W. Hamilton and William R. Murray, Jr., of counsel.
 R. Sarah Compton, McDermott, Will & Emery, Washington, D.C., argued for appellee Tropicana Energy Co., Inc. With her on the brief were Kurt J. Olson and Lizbeth R. Levinson, of counsel.
 Saul Davis, Commercial Litigation Branch, Dept. of Justice, of New York, New York, argued for appellee U.S. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Atty. in Charge, International Trade Field Office.
 Before MARKEY, Chief Judge, SMITH and NIES, Circuit Judges.
 PER CURIAM.
 
 
 1
 National Corn Growers Association, New Energy Company of Indiana, Archer Daniels Midland Company, Ohio Farm Bureau Federation, Inc. and South Point Ethanol appeal from the judgment of the United States Court of International Trade, 650 F.Supp. 1007 (CIT 1986), dismissing their case as moot. We affirm.
 
 
 2
 Pursuant to 19 U.S.C. Sec. 1516 (1982), appellants, domestic producers of ethanol, brought an action in the Court of International Trade contesting the rulings of the United States Customs Service that, under the Caribbean Basin Economic Recovery Act, 19 U.S.C. Secs. 2701-2706 (Supp. III 1985), anhydrous ethanol dehydrated in a beneficiary country from hydrous ethanol produced elsewhere is eligible for duty-free treatment under section 2703 as "a new or different article of commerce ... produced ... in a beneficiary country." After the action was commenced, Congress enacted the Tax Reform Act of 1986, Pub.L. No. 99-514, 99th Cong., 2d Sess. (1986). Section 423(a) of the Tax Reform Act dictates that anhydrous ethanol dehydrated in a beneficiary country solely from hydrous ethanol produced elsewhere does not meet the requirements of section 2703. Section 423(b) provides a two year exception to subsection (a) for a certain quantity of 1987 and 1988 imports of anhydrous ethanol dehydrated in plants located in a beneficiary country if that plant was in operation on January 1, 1986.* Upon passage of this legislation, Tropicana Energy Company, Inc. moved for dismissal of the complaint as moot, and the federal defendants joined Tropicana in the motion. The court granted the motion and dismissed the complaint.
 
 
 3
 Appellants contend that the exception of section 423(b) does not exempt Tropicana's 1987 and 1988 imports from the requirements of section 2703 and that the trial court should have determined in this case whether the challenged rulings correctly interpret section 2703. We agree with the trial court that Congress did not leave open the question of whether Tropicana was entitled to an exemption to this extent. We further agree that, in view of the amendments, resolution of the issue of the correctness of Customs' challenged interpretation of section 2703 would not result in a meaningful judgment in this case, relief in a section 1516 proceeding being prospective only. Accordingly, we affirm on the basis of the opinion of Judge Tsoucalas.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The trial court noted that "Tropicana's facility apparently meets this requirement."